UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHAEL K. TURNBOW, | ) | CASE NO. C04-2510-JCC-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JOSEPH LEHMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is a state prisoner who is currently incarcerated at the Monroe Correctional Complex ("MCC"), Twin Rivers Unit ("TRU"). He brings this action under 42 U.S.C. § 1983 to allege that defendants violated his First and Fourteenth Amendment rights when they denied him his religiously mandated diet. Plaintiff identifies the following individuals as defendants in this action: Joseph Lehman, Secretary of the Department of Corrections ("DOC"); Dan Williams, Religious Program Manager for the DOC; and Mark Kucza, Associate Superintendent of MCC. Plaintiff seeks injunctive relief and damages.

Defendants have filed a motion for summary judgment. Plaintiff has filed a brief in

REPORT AND RECOMMENDATION
PAGE -1

opposition to defendants' motion, and defendants have filed a reply brief in support of their motion. This Court, having reviewed defendants' motion, and the balance of the record, concludes that defendants' motion for summary judgment should be granted and plaintiff's complaint, and this action, should be dismissed with prejudice.

## FACTS

Plaintiff is a Muslim inmate who has been incarcerated at the MCC-TRU since March 2000. (Dkt. No. 16, Ex. 1.) Prior to 2002, Muslim inmates were provided with a non-pork diet. (*Id.*, Ex. 4 at 1.) The non-pork diet was one of 14 different diets provided by the DOC to accommodate a variety of religious and medical needs. (*Id.*) In 2002, the mainline diet was made pork-free, and the 14 diet plans were consolidated into six plans that effectively met the religious and medical needs of all inmates. (*Id.*, Ex. 4 at 1-2.)

In July 2004, the DOC provided Kosher diets to Muslim inmates at TRU for a short period of time. (*See* Dkt. No. 7 at 3; Dkt. No. 16, Ex. 2 at 3.) However, that practice was stopped because it greatly increased food costs and, according to the DOC, was not necessary to meet the nutritional and religious requirements of Muslim inmates. (Dkt. No. 16, Ex. 2 at 3.) Thereafter, an ovo-lacto vegetarian diet was authorized for Muslim inmates. (*Id.*) Defendants contend that the ovo-lacto vegetarian meals are nutritionally adequate and meet the religious requirements for Muslims. (*See id.*) Plaintiff contends that the non-meat diet violates Muslim religious practices and is discriminatory. (Dkt. No. 7 at 3.)

## DISCUSSION

Plaintiff alleges in his complaint that defendants violated his rights under the First Amendment when they denied him his religious diet and then, contrary to Muslim dietary

01 requirements, substituted an ovo-lacto vegetarian diet. Plaintiff further alleges that defendants'

02 decision to deny him a proper religious diet was motivated by racial and religious animus and

03 therefore violated his rights under the Fourteenth Amendment.

### Summary Judgment

05 Summary judgment is proper only where "the pleadings, depositions, answers to

06 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

07 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

08 of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of

09 a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). And,

10 the Court is required to draw all inferences in a light most favorable to the non-moving party. *Id*.

11 at 248. Genuine disputes are those for which the evidence is such that a "reasonable jury could

12 return a verdict for the nonmoving party." *Id*. Material facts are those which might affect the

13 outcome of the suit under governing law. *Id*.

14 Defendants argue in their motion for summary judgment that all claims against defendant

15 Lehman should be dismissed for failure to allege personal participation. Defendants further argue

16 that plaintiff has not stated valid First Amendment and Equal Protection claims. Finally,

17 defendants argue that they are entitled to qualified immunity. Because this Court concludes that

18 plaintiff has not established the violation of any federal constitutional right, this Court will limit

19 its discussion to merits of plaintiff's First and Fourteenth Amendment claims.

### First Amendment Violation

21 Plaintiff alleges that his First Amendment right to free exercise of his religion was violated

22 when he was first denied a Muslim religious diet and, subsequently, when an ovo-lacto vegetarian

REPORT AND RECOMMENDATION
PAGE -3

diet was substituted for a Muslim religious diet. Plaintiff contends that the ovo-lacto vegetarian diet is contrary to Muslim dietary requirements. More specifically, plaintiff complains that the diet does not include meat and therefore violates Muslim religious practice.

In order to establish a free exercise violation, a plaintiff "must show that officials burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997)(citing *Turner v. Safely*, 482 U.S. 78, 89 (1987)). As the Ninth Circuit explained in *Freeman*, "[i]n order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" *Id*. at 737 (quoting *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987)).

Defendants, in support of their motion for summary judgment, have submitted evidence which demonstrates that the ovo-lacto vegetarian diet is sufficient to meet the requirements of Islam. First, defendant Williams has submitted a declaration in which he states that he asked the DOC's Islam advisor, Ismail Ahmad, about the sufficiency of ovo-lacto vegetarian meals to meet the requirements of Islam and was advised that the consumption of Halal, Kosher, or vegetarian diets would be sufficient under Islam. (Dkt. No. 16, Ex. 2.)

In addition, defendants have submitted the declaration of Brannon Wheeler, a Distinguished Professor of History and Politics, and Director of the Center for Middle East and Islamic Studies at the United States Naval Academy. (*Id*., Ex. 3.) Mr. Wheeler has a Ph.D. in Islamic Studies from the University of Chicago with specialization in Islamic law and Comparative Religion. (*Id*.) In his declaration, Mr. Wheeler provides a detailed explanation of dietary

REPORT AND RECOMMENDATION
PAGE -4

01 regulations under Muslim law and summarizes those regulations as follows:

02 > Islamic law does not require the eating of meat as a condition of being Muslim, and the consumption of a vegetarian diet is considered more pious than the eating of a
03 > meat diet. Specific foods are prohibited to be eaten by Muslims, and Islamic law stipulates certain rules for the slaughtering of those animals the meat of which may
04 > be eaten. Islamic law also recommends that certain types of animals be slaughtered and eaten communally by Muslim families at the two annual holidays of Id al-Adha
05 > and Id al-Fitr but limits this ritual to those families headed by free individuals able to afford the purchase of the given animal.

06

07 (Dkt. No. 16, Ex. 3 at 11-12.)

08 Plaintiff, in his brief in opposition to defendants' motion, directs the Court's attention to

09 excerpts from the Qur'an, the holy book of Islam, some of which refer to the eating of meat.

10 (Dkt. No. 20.) Plaintiff asserts that these references to the eating of meat establish that Muslim

11 inmates are obligated to eat meat as a part of their diet. However, none of the passages identified

12 by plaintiff appear to mandate the eating of meat and, in fact, they appear to be entirely consistent

13 with defendants' evidence. Defendants do not dispute that Muslim inmates are permitted by their

14 religion to eat certain meats, they argue only that meat is not required in order to meet the

15 religious requirements for Muslims. Plaintiff offers no evidence to the contrary. As plaintiff

16 makes no showing that defendants burdened the practice of plaintiff's religion by preventing him

17 from engaging in conduct mandated by his faith, defendants are entitled to summary judgment with

18 respect to plaintiff's First Amendment claim.

19 <u>Equal Protection</u>

20 Plaintiff also alleges that his Fourteenth Amendment right to equal protection was violated

21 by defendants' conduct. Plaintiff asserts that he, and others of his faith, are primarily people of

22 color and that defendants' actions are "overtly discriminatory" because they affect people of a

01 protected class. Plaintiff further asserts that Muslims are members of a protected class and are

02 treated differently from members of other religions, such as the Jewish religion, who are permitted

03 appropriate religious diets.

04      In order to state an equal protection claim under § 1983, a plaintiff must show that the

05 defendants acted with an intent or purpose to discriminate against the plaintiff based upon

06 membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

07      The Court first notes that plaintiff's argument that his right to equal protection was

08 violated because individuals who adhere to the Muslim religion are primarily people of color is

09 meritless. The record makes clear that plaintiff is not a person of color but is, in fact, white, and

10 of non-hispanic origin. Plaintiff therefore is not a member of the protected class he identifies in

11 his first argument.

12      As to the remainder of his equal protection arguments, plaintiff fails to demonstrate that

13 defendants acted with any discriminatory intent or purpose in designating the ovo-lacto vegetarian

14 diet as the diet to be provided to Muslim inmates. Defendants have offered evidence in support

15 of their motion for summary judgment which demonstrates that the decision to offer Muslim

16 inmates an ovo-lacto vegetarian diet was motivated by efficiency and cost considerations and not

17 by an intent to discriminate. Cheryl Johnson, Food Service Program Manager for the DOC, has

18 submitted a declaration in support of defendants' motion for summary judgment in which she

19 states that the Kosher meals which are provided to Jewish inmates, and which were temporarily

20 provided to Muslim inmates at TRU, must be prepared in a separate kitchen with separate utensils

21 and are therefore prepared off-site and brought to the institution. (Dkt. No. 16, Ex. 4 at 2.) Ms.

22 Johnson states that these Kosher meals cost two to three times as much as "mainline" meals such

as the ovo-lacto vegetarian meals. (*Id.*) Ms. Johnson also states that provision of special meals increases demands on staff and decreases the efficiency of food preparation. (*Id.*) Plaintiff offers nothing to refute this evidence.

Moreover, plaintiff offers no evidence that defendants permit religious diets for Jewish inmates and for other religions, while denying the same to Muslim inmates. As explained above, defendants have provided evidence that the ovo-lacto vegetarian diet is sufficient under Islam. Thus, it cannot be said that defendants are denying plaintiff a religious diet. The fact that the diet designated for Muslim inmates does not contain meat, does not alter the fact that plaintiff is being provided with a diet which is apparently sufficient to sustain him in good health and which satisfies the dietary laws of his religion.

As plaintiff makes no showing that defendants have violated his right to equal protection, defendants are entitled to summary judgment with respect to plaintiff's Fourteenth Amendment claim as well.

### CONCLUSION

For the reasons set forth above, this Court recommends that defendants' motion for summary judgment be granted and that plaintiff's complaint and this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this  2nd  day of  November , 2005.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -7